Tamara D. DeHaan, Esq., #113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619 544-1215

Attorney for Material Witness/es

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM GRANT GUNDERSON,<br><br>Defendants. | Crim. Case No. 08cr2348-WQH<br><br>NOTICE OF MOTION AND MOTION TO SET VIDEOTAPE DEPOSITION OF MATERIAL WITNESSES AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY<br><br>Hearing Date: 8/ /08<br>Time: 9:00 a.m.<br>Magistrate Judge: Cathy A. Bencivengo |

**TO KAREN HEWITT, UNITED STATES ATTORNEY, AND TO THE ATTORNEYS OF RECORD FOR ADAM GRANT GUNDERSON, DEFENDANT HEREIN:**

PLEASE TAKE NOTICE that on August ____, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, material witnesses JUAN CARLOS PURECO and FELIPE DE JESUS TREJO-DE SANTIAGO (collectively, "Material Witnesses") by the through their counsel, Tamara D. DeHaan, will bring a motion for a court order to take videotaped depositions of the Material Witnesses.

**MOTION**

JUAN CARLOS PURECO and FELIPE DE JESUS TREJO-DE SANTIAGO, by and through their counsel, Tamara D. DeHaan, Esq., and pursuant to 18 U.S.C. §§ 3142 and 3144, and Federal Rules of Criminal Procedure, Rule 15, hereby move this court for an order to take their depositions by videotape, and release each of them at the conclusion of the depositions. If the court denies said motion, then it will be further requested that the U.S. Attorney provide the Material Witnesses with a Statement

of Reasons in Support of Custody in accordance with Federal Rules of Criminal Procedure., Rule 46 (h)(1) and (2).

This motion is based upon this Notice, the Memorandum of Points and Authorities in Support thereof, the Declaration of Tamara D. DeHaan, Esq., the files and records in the above-entitled cause, and any and all other information that may be brought to the Court's attention prior to, or during, the hearing on this motion.

Respectfully submitted,

DATED: August 22, 2008

LAW OFFICES OF TAMARA D. DeHAAN

By: /s Tamara D. DeHaan
Tamara D. DeHaan
Attorney for Material Witnesses

Tamara D. DeHaan, Esq., 113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619) 544-1215

Attorney for Material Witness/es

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM GRANT GUNDERSON,<br><br>Defendants. | Case No. 08cr2348-WQH<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET VIDEOTAPED DEPOSITION OF MATERIAL WITNESS AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY<br><br>Hearing Date: September 2, 2008<br>Time: 2:00 p.m.<br>Judge: Louisa S. Porter |

Material Witnesses JUAN CARLOS PURECO and FELIPE DE JESUS TREJO-DE SANTIAGO (hereinafter, "Material Witnesses") by and through their counsel, Tamara D. DeHaan, submit the following Memorandum of Points and Authorities in support of their motion to set videotaped deposition.

**I.**

**<u>INTRODUCTION</u>**

On or about June 21, 2008, the Material Witnesses were detained by the United States Border Patrol at San Diego County, California, in connection with the arrest of ADAM GRANT GUNDERSON, a defendant in the above-entitled case. The defendant has been charged with multiple counts of transporting undocumented aliens in violation of 8 U.S.C. § 1324, et seq., and the Material Witnesses, who were being transported in a vehicle driven by defendant ADAM GRANT

GUNDERSON at the time of their arrest, are being detained as a material witness under 8 U.S.C. § 1227(d).

The Material Witnesses are unable to arrange for their release by bail. However, it is unnecessary to keep the Material Witnesses in custody because their testimony can be preserved through the use of a videotaped deposition.[1] The Material Witnesses therefore request a court order that their testimony be preserved through the use of a videotaped deposition and, thereafter, that they be allowed to return to their respective homes in Mexico.

## II.

## THE TESTIMONY OF THE MATERIAL WITNESSES CAN BE SECURED BY VIDEOTAPED DEPOSITION, AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY.

Title 18, section 3144 of the United States Code provides, "No material witness may be detained…if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice."

Since depositions of material witnesses may be used at trial in criminal cases, it is only in exceptional circumstances, i.e., where the interests of justice will be denied, that a videotaped deposition is not appropriate. Torres-Ruiz v. United States, 120 F.3d 933 (9th Cir. 1997) [citing Aguilar-Ayala v. Ruiz, 973 F. 2d 411, 413 (5th Cir. 1992)] see also, 8 U.S.C. § 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure, Rule 15. Defendants may be present at the videotaped deposition and therefore have a full and fair opportunity to cross-examine the witness. Further, the videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. Dutton v. Evans, 400 U.S. 74, 89 (1970).

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotaped deposition at the earliest possible time. Aguilar-Ayala v. Ruis, 973 F. 2d 411, 419 (5th Cir. 1992).

The government or the defendant can effectuate the detention of a material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial because live testimony would somehow be significantly different. Aguilar-Ayala v. Ruiz, 973 F.2d at 413 (5th Cir. 1992); United States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988). In the instant matter, that burden would be difficult to sustain because the Material Witnesses have indicated they are willing to return for trial if the government makes arrangements for their legal re-entry into the country and provides travel expenses.[2] (DeHaan Declaration at paragraph 8).

The Material Witnesses should not be detained because their testimony can be adequately secured by deposition. This is a very routine alien smuggling case. Based on interviews with the Material Witnesses, and the report submitted by the arresting agency, the facts to which the Material Witnesses are competent to testify are straightforward. (DeHaan declaration at paragraph 7).

Moreover, neither the Material Witnesses nor their Counsel has been informed by either the government or defense attorneys of any reason why the witnesses' detention is necessary to prevent a failure of justice. (DeHaan Declaration at paragraph 8.) Quite to the contrary, the witnesses have already spent a considerable time in jail and it is very important that they be released as soon as possible so that they may be reunited with their families in Mexico. (DeHaan Declaration at paragraph 7).

For these reasons, the Material Witnesses request that the court order the taking of their videotaped depositions immediately, and that they thereafter be promptly returned to Mexico.

///

///

///

---

[2] The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witnesses' testimony at trial by personally subpoenaing the witnesses, providing travel costs, and arranging for legal re-entry of the aliens. (United States v. Eufracio-Torres, 890 F.2d 266, 2170 (10th Cir. 1989) Cert. Denied 494 U.S. 1008 (1990) [Government need not guarantee the witness will be available, only that they use good-faith efforts to secure their presence at trial]; see also, Ohio v. Roberts, 448 U.S. 56, 65 (1980) [So long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Clause and hearsay objections].

**III.**

**IF THE COURT DENIES THE MATERIAL WITNESSES' REQUEST TO TAKE THEIR VIDEOTAPED DEPOSITION, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY HAVE TO REMAIN IN CUSTODY.**

Where a witness has been held in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released following completion of his videotaped deposition.

The Material Witnesses are not aware of any reason why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of a biweekly written report indicating these reasons.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Material Witnesses respectfully request that their motion for the taking of videotaped depositions be granted. In the alternative, the Material Witnesses request that they be immediately provided with a statement of reasons why it is necessary to continue to detain them in custody.

DATED: August 25, 2008

LAW OFFICES OF TAMARA D. DeHAAN

By: s/Tamara D. DeHaan
Tamara D. DeHaan
Attorney for Material Witnesses

Tamara D. DeHaan, Esq., #113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619) 544-1215

Attorney for Material Witness/es

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM GRANT GUNDERSON,<br><br>Defendant. | Criminal Case No. 08cr2348-WQH<br><br>DECLARATION OF TAMARA D. DeHAAN, ESQ., IN SUPPORT OF MOTION TO SET VIDEOTAPED DEPOSITIONS OF MATERIAL WITNESSES AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY<br><br>Hearing Date: September 2, 2008<br>Time: 2:00 p.m.<br>Judge: Louisa S. Porter |

I, TAMARA D. DeHAAN, ESQ., declare:

1. I am an attorney duly licensed to practice law in the State of California. I am admitted to practice before the United States District Court for the Southern District of California. On June 24, 2008, I was appointed as the attorney of record to represent JUAN CARLOS PURECO and FELIPE DE JESUS TREJO-DE SANTIAGO (hereinafter collectively, “Material Witnesses”), the material witnesses in the above-entitled case.

2. I am informed and believe each of the Material Witnesses is a citizen of Mexico, without the legal right to enter into, or remain in, the United States.

3. As a material witness attorney, one of my primary responsibilities is to assist in arranging the release of the material witnesses from the custody of the U.S. Marshal and the Department of Homeland Security’s Immigration and Customs Enforcement (“I.C.E.”) as soon as practicable. To that

end, I immediately conducted an interview with the Material Witnesses to explain why they were being detained, and under what conditions they could be released. I informed the Material Witnesses the most expedient way to be released is by having a personal surety post a court approved appearance bond, along with meeting any and all I.C.E. requirements imposed following the posting of the cash bond. I explained to the Material Witnesses the bond requirements and the responsibilities of the surety. Unfortunately, none of the Material Witnesses' proposed sureties were considered to be qualified, and/or there are immigration holds and the Material Witnesses would not be released from custody even if they could post the bond.

4. During my initial interview with my clients I learned that all of the material witnesses are married with children. Each man provides the primary financial support for his respective family. JUAN CARLOS PURECO has a prior deportation and as such, he cannot meet the immigration qualifications necessary for release even if a bond were posted on his behalf. Both Material Witnesses have been in custody since June 21, 2008.

5. I am not aware of any reason in this case why the Material Witnesses' testimony cannot be adequately secured by deposition. Likewise, I have not been informed of any such reasons by either the government, or the defense attorneys.

6. The Material Witnesses are more than willing to respond to all questions put to them in a deposition, and to return to the United States should their testimony later be required at trial of either defendant. The fact is, however, there are only a few facts relevant to this case about which the Material Witnesses are competent to testify: i.e. (a) if they were aware of any attempt by the defendant to smuggle an undocumented alien into the United States without presentation, (b) the circumstances surrounding the day the witnesses and the defendant traveled to Alpine, California. Based on my discussions with my clients, all of the facts relevant to this case in the Material Witnesses' knowledge took place over a very short period of time.

7. I explained to the Material Witnesses the general procedure for conducting videotaped depositions, and explained further if they were released after the deposition, they may have to return to the United States to testify at trial if subpoenaed by the government or either defendant. The Material

Witnesses each indicated they would be willing to return if arrangements for their legal re-entry could be made, and travel expenses provided for.

I declare under penalty of perjury the foregoing is true and correct, and that this declaration was executed in San Diego, California, on August 25, 2008.

s/Tamara D. DeHaan
Tamara D. DeHaan, Esq.
Declarant

Tamara D. DeHaan, Esq., #113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619) 544-1215

Attorney for Material Witness/es

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

(Honorable Louis S. Porter)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ADAM GRANT GUNDERSON,<br>Defendant. | Criminal Case No. 08cr2348-WQH<br>DECLARATION OF SERVICE<br>Person/s Served: Norma Aguilar, Esq. And U.S. Attorney<br>Date of Service: August 25, 2008 |

Under penalty of perjury, I declare:

1. I am an attorney duly licensed to practice law in the State of California. I am admitted to practice before the United States District Court for the Southern District of California. I am over the age of eighteen years and not a party to this action.

2. On August 25, 2008, I served the above-named person/s with the following documents: Ex Parte Application for Order Shortening Time, Notice of Motion and Motion for Video Taped Deposition of Material Witnesses, Memorandum of Points and Authorities in Support of Motion, Declaration of Tamara D. DeHaan, Esq., in Support of Motion, and Proposed Order.

3. Service was effected by e-filing the document with the Southern District Court via CM/ECF.

Executed on August 25, 2008 at San Diego, California.

s/Tamara D. DeHaan
Tamara D. DeHaan, Esq. - Declarant